Action by Charles E. Hess and others against Abraham Felt and others. Defendant Larser moves to vacate an order for substituted service. Motion denied.

Ferdinand E. M. Bullowa, for the motion.

Eisman, Levy, Corn & Levine (Joseph J. Corn, of counsel), opposed.

GIEGERICH, J.  The mere fact that the plaintiff knew the defendant was somewhere in Canada, the efforts of the plaintiff to find out in what place therein being unavailing, is not enough to warrant a vacation of the order for substituted service obtained under section 435 of the Code of Civil Procedure, upon the ground that the defendant was without the state and that the place of his sojourn could not be ascertained.  It is a fair inference from the moving papers that the family and business representative of the defendant purposely and repeatedly withheld from the plaintiff information of the defendant's whereabouts in Canada.  Under such circumstances it cannot be said that the place of the defendant's sojourn has been ascertained, and that the remedy provided in section 435 should be denied. Place of sojourn means a definite locality, and not an entire country.

Another ground on which it is sought to set aside the order is that it was not obtained until more than the 60 days prescribed by section 1670 of the Code of Civil Procedure had elapsed after the filing of the lis pendens.  Such tardiness in procuring the order might affect the lis pendens, but not the jurisdiction.  Brandow v. Vroman, 22 Misc. Rep 370, 50 N. Y. Supp. 323; Cohen v. Biber, 123 App. Div. 528, 530, 108 N. Y. Supp. 249.

Motion denied, with $10 costs.

---

(128 App. Div. 63.)

## McGRATH v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department.  October 9, 1908.)

1. EVIDENCE—ADMISSIONS—PLEADING.

  Where plaintiff's original complaint, verified while he was in the hospital, alleged that the accident happened because of the sudden starting of the car before plaintiff had an opportunity to alight in safety, it was insufficient to overcome evidence in support of an amended complaint charging that plaintiff was injured by being pushed or dragged from the car by defendant's conductor.

2. CARRIERS—INJURY TO PASSENGERS—NEGLIGENCE—EVIDENCE.

  In an action for injuries to a passenger by being pushed from a street car by the conductor, evidence *held* to sustain a verdict for plaintiff.

  [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1307–1314.]

Appeal from Trial Term, Kings County.

Action by John McGrath against the Nassau Electric Railroad Company.  From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, defendant appeals.  Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

D. A. Marsh, for appellant.

Robert H. Elder, for respondent.

WOODWARD, J. The plaintiff has a judgment for $10,000, entered upon the verdict of a jury in an action for damages for personal injuries alleged to have been sustained through the negligence of the defendant; the allegation of the amended complaint being that the plaintiff was pushed or dragged off the defendant's car by the conductor in charge of the same, while engaged in the performance of his duties as such conductor. The only point urged on this appeal is that the verdict is against the weight of the evidence.

From a reading of the evidence we are of the opinion that no one would question that the plaintiff had established his case, were it not for the fact that in his original complaint it was alleged that the accident happened by reason of the sudden starting of the car, before the plaintiff had been given an opportunity to alight in safety at a street corner. It is urged, however, that, this complaint being verified and so out of harmony with the plaintiff's present version, it is the duty of the court to set aside the verdict as being against the weight of evidence. We cannot agree with this view. The original complaint was verified while yet the plaintiff was in the hospital, where he had a leg amputated. He could not read, and he says that the complaint was read to him only in part, and that he did not know of the allegation as to the way the accident happened. The evidence in the case, some of which appears to have been brought to light after the original complaint was prepared, coincides with the plaintiff's present version. It is nowhere suggested in the evidence that the accident was due to the sudden starting of the car, or that the car had come to a standstill. On the contrary, both the witnesses for the plaintiff and the defendant agree that the car was in motion, apparently running five to six miles an hour, and the controversy related to the manner of the plaintiff leaving the running board of the car, where he was obliged to stand by reason of the crowded condition of the car.

The plaintiff's version is that the conductor grabbed him and pushed him off, after some words between them as to the method of operating the car; and the defendant's testimony tended to show that the plaintiff, after some aggressive remarks to the conductor, jumped from the car while it was in motion. On this point the plaintiff testified himself, and was corroborated by a young woman who saw the accident from a second story window immediately overlooking the point where the accident occurred, and in some measure by one or two other witnesses. The defendant presented the greater number of witnesses in support of its theory, but a reading of the evidence does not warrant this court in saying that the weight of evidence is against the verdict. It seems to us that this case presented a fair conflict of evidence, and that the verdict of the jury should be sustained.

The judgment and order appealed from should be affirmed, with costs. All concur.